Todd M. Friedman (216752)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd., Suite 340
Woodland Hills, CA 91034
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **WENDY WARSHAUER,** | Case No.: 8:23-cv-1310 |
| Plaintiffs, | **COMPLAINT FOR VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.** |
| v. | |
| **HYUNDIA CAPITAL AMERICA d/b/a KIA FINANCE AMERICA; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and EQUIFAX INFORMATION SERVICES LLC,** | **JURY TRIAL DEMANDED** |
| Defendants. | |

**COMPLAINT - 1**

## INTRODUCTION

1. WENDY WARSHAUER ("Plaintiff"), by Plaintiff's attorneys, brings this complaint to challenge the actions of HYUNDAI CAPITAL AMERICA d/b/a KIA FINANCE AMERICA, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EQUIFAX INFORMATION SERVICES LLC ("Defendants") with regard to Defendant Kia Finance America's unauthorized and unlawful credit inquiry, and the subsequent reporting thereof.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

3. Any violation by Defendants was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

4. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction because this case arises out of violation of federal law.

6. Specifically, this action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. ("FCRA").

7. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b) because Defendant HYUNDAI CAPITAL AMERICA d/b/a KIA FINANCE AMERICA is headquartered in the City of Irvine, in Orange County California.

///

///

///

## PARTIES

8. Plaintiff is a natural person who resides in the Tallahassee, Florida, whose credit report was affected by an unauthorized inquiry. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant HYUNDIA CAPITAL AMERICA d/b/a KIA FINANCE AMERICA ("KFA") is, and at all times mentioned herein was, vehicle finance company headquartered in Irvine, California.

10. At all relevant times, KFA regularly provided information to consumer reporting agencies and is therefore an "information furnisher" as defined by the FCRA. At all relevant times, Defendant KFA was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times, Defendant EXPERIAN INFORMATION SERVICES, INC. ("XP") was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

12. At all relevant times, Defendant TRANS UNION LLC ("TU") was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13. At all relevant times Defendant EQUIFAX INFORMATION SERVICES ("EF"), was a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

14. Defendants XP, TU, and EF will hereinafter be collectively referred to as "CRA Defendants."

15. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the Defendants.
///

## STATUTORY BACKGROUND

16. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the collected information about them.

17. Congress designed the FCRA to preserve the consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies. Congress stated in the opening section of the FCRA that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(4).

18. Under the FCRA, the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

19. Congress has chosen to protect the consumer's right to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

20. 15 U.S.C. § 1681b(f) in turn provides "[a] person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section."

21. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

COMPLAINT - 4

22. In or around August of 2022, Plaintiff noticed a number of hard inquiries into her credit report.

23. One of these inquiries was made by Defendant KFA.

24. On information and belief, Plaintiff never gave KFA permission to inquire into her credit reports.

25. 15 U.S.C. § 1681b delineates the only permissible uses of, or access to, consumer reports.

26. KFA's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b. Thus, KFA violated 15 U.S.C. § 1681n and 1681o by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

27. KFA's inquiry does not qualify as a "firm offer of credit" under the FCRA.

28. This inquiry was reported by all CRA Defendants.

29. Plaintiff disputed these credit inquiries as illegitimate, inaccurate and/or incomplete with CRA Defendants, and Plaintiff's disputes are not frivolous or irrelevant.

30. However, CRA Defendants were aware of their duties under the FCRA yet failed to comply with the statute's requirements, including by failing to conduct a reasonable reinvestigation into the inquiries, and refusing to remove the inquiries from Plaintiff's credit report.

31. Therefore, CRA Defendants violated 15 U.S.C. § 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. §1681i:

32. Willfully and negligently failing to conduct a reasonable reinvestigation to determine the validity of the disputed information; and

33. Willfully and negligently failing to correct the reporting on Plaintiff's credit reports.

34. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

35. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

36. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

37. As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## FIRST CAUSE OF ACTION

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. §§ 1681 *ET SEQ.*

38. Plaintiff includes by reference paragraphs 1 through 37 as if fully set forth herein.

39. KMF's inquiry for Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b. Thus, KMF violated 15 U.S.C. § 1681n and 1681o by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

40. Plaintiff notified the CRA Defendants directly of a dispute as to credit inquiries, including KMF's credit inquiry, as illegitimate, inaccurate and/or incomplete with CRA Defendants.

41. The CRA Defendants failed to properly investigate and/or reinvestigate Plaintiff's dispute, and failed to provide Plaintiff a proper report of the results of its investigation and/or reinvestigation.

42. Therefore, CRA Defendants violated 15 U.S.C. § 1681n and 1681o by engaging in the following conduct that violates 15 U.S.C. §1681i:

   a. Willfully and negligently failing to conduct a reasonable reinvestigation to determine the validity of the disputed information; and

   b. Willfully and negligently failing to correct the reporting on Plaintiff's credit reports.

43. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

44. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

45. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

46. To the extent that Defendants' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

///

///

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

- An award of statutory damages of not less than $100 and not more than $1,000.00 to Plaintiff, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendants;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2), against Defendant; and,
- Any other relief the Court may deem just and proper.

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 2, 2023                                Respectfully submitted,

Law Offices of Todd M. Friedman

By: ___/s/Todd M. Friedman___
TODD M. FRIEDMAN, ESQ.
ATTORNEY FOR PLAINTIFF